AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia



FILED
FEB - 4 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 2:20-sw-33
)
INFORMATION STORED AT PREMISES )
CONTROLLED BY GOOGLE, LLC, )
HEADQUARTERED IN MONTAINVIEW, CA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Google business records of Reverse Location Search, more fully described in Attachment A

located in the _____ Northern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(u) | Theft of a Firearm from a Federal Firearms Licensee's Business Inventory |

The application is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Anthony Ambrose, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-4-2020

*Judge's signature*

City and state: Norfolk, Virginia

Lawrence R. Leonard
United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

*Property to Be Searched*

This warrant is directed to Google LLC, headquartered at 1600 Amphitheatre Parkway, Mountain View, California, and applies to: (1) GPS, Wi-Fi or Bluetooth sourced location history data generated from devices that reported a location within the geographical region bounded by the following latitudinal and longitudinal coordinates, dates, and times ("Initial Search Parameters"); and (2) identifying information for Google Accounts associated with the responsive location history data:

- Date: January 14, 2020 through January 15, 2020
- Time Period: Beginning January 14, 2020 at 2345 - January 15, 2020 at 0045 EST
- Target Location:  Geographical area identified as,



- Polygon with coordinates:
- Point 1: 37.525126, -75.835368
- Point 2: 37.524922, -75.830151
- Point 3: 37.522272, -75.835533
- Point 4: 37.520591, -75.830511

## ATTACHMENT B

*Items to Be Seized and Searched*

### I. Information to be disclosed by Google

Google, LLC ("Google") shall provide responsive data (as described in Attachment A) to the government pursuant to the following process:

1. Google shall query location history data based on the Search Parameters specified in Attachment A.

2. For each location point recorded within the Search Parameters, Google shall produce to the government anonymized information specifying the corresponding unique device ID, timestamp, coordinates, display radius, and data source, if available (the "Anonymized List").

3. The government shall review the Anonymized List in order to prioritize the devices about which it wishes to obtain identifying information.

4. Google is required to disclose to the government identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google account associated with each device ID about which the government inquires.

### II. Information to Be Seized

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code § 922(u), Theft of a Firearm from a Federal Firearms Licensee's Business Inventory committed on January 15, 2020, involving unknown persons.

**The Provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
FEB - 4 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE MATTER OF THE SEARCH OF:
INFORMATION THAT IS STORED AT
PREMISES CONTROLLED BY GOOGLE,
1600 AMPHITHEATRE PARKWAY,
MOUNTAIN VIEW, CALIFORNIA 94043

Case No. 2:20-sw-33

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A
SEARCH WARRANT**

I, Anthony A. Ambrose, ATF Special Agent, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information that is stored at premises controlled by Google, a provider of electronic communications service and remote computing service headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Attachment B.

2. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have served in that capacity since September 29, 2016. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws, as well as other offenses enumerated in Title 18, Title 21, and Title 26 of the United



States Code, for which I have received training at the Federal Law Enforcement Training Center and the ATF National Academy. Before that, I worked for the Chesterfield County Police Department for over eight years, where I received training and investigated numerous violations of Virginia state law. I served as a uniformed patrol officer, a vice and narcotics detective, a sergeant, and a tactical team operator with Special Weapons and Tactics (SWAT) during my employment with Chesterfield County Police Department. Prior to starting a career in law enforcement, I attended The College of the Albemarle as well as Elizabeth City State University, earning a Bachelor's Degree with a major in Criminal Justice.

3. The facts contained in this affidavit are derived from information obtained from local law enforcement officers, as well as reports documenting the incident itself. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code § 922(u) (Theft of a Firearm from a Federal Firearms Licensee's Business Inventory), were committed by two unidentified persons on January 15, 2020 in Exmore, Virginia within the Eastern District of Virginia. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## II. JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction

over the offense being investigated." *See* 18 U.S.C. § 2711(3)(A)(i).

### III. BACKGROUND RELATING TO GOOGLE AND RELEVANT TECHNOLOGY

6. A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "landline" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7. Google is an Internet company which, among other things, provides electronic communication services to subscribers. Google allows subscribers to obtain email accounts at the domain name gmail.com. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, mobile devices using Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

8. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute

3



evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location or illicit activities.

9. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of login ( *i.e.,* session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

10. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. Further, information maintained by the email provider can show how, where, and when the account was accessed or used. Based on my training and experience, I have learned that Google also maintains records that may reveal other Google accounts accessed from the same electronic device,

4



such as the same computer or mobile device, including accounts that are linked by Hypertext Transfer Protocol (HTTP) cookies, which are small pieces of data sent from a website and stored in a user's Internet browser.

11. Google has developed an operating system for mobile devices, including cellular phones, known as Android. Nearly every cellular phone using the Android operating system has an associated Google account and users are prompted to add a Google account when they first turn on a new Android device. I know that, in the context of mobile devices, Google's cloud-based services can be accessed either via the device's Internet browser or via apps offered by Google that have been downloaded onto the device. Google apps exist for, and can be downloaded to, phones that do not run the Android operating system, such as Apple devices.

12. Google offers numerous online-based services, including email (gmail), navigation (Google Maps), a search engine (Google), online file storage (e.g., Google Drive, Google Photos, and YouTube), messaging (Google Hangouts), and video calling (Google Duo). Some services, such as gmail, online file storage, and messaging, require the user to sign in to the service using their Google account. An individual can obtain a Google account by registering with Google, and the account identifier typically is in the form of a gmail address. Other services, such as Google Maps and YouTube, can be used while signed into a Google account, although some aspects of these services can be used even without signing into a Google account.

13. Based on my training and experience, I have learned that Google collects and retains information about the user's location if the user has enabled Google to track web and app activity. The company uses this information for location-based advertising and location-based search results. This information is derived from sources including GPS data, cell site/cell tower information, and Wi-Fi access points.

14. Location data can assist investigators in understanding the chronological and geographic context of email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email).

## IV. **PROBABLE CAUSE**

15. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is conducting a criminal investigation involving the burglary of a federally licensed firearms dealer ("FFL") in Exmore, Virginia.

16. On January 15, 2020, at approximately 12:15 a.m., two individuals broke into Rommel's Ace Home Center, at 4102 B Lankford Highway, Exmore, Virginia and stole two shotguns. The suspects gained entry into the business by breaking the glass and once inside, attempted to break a display case containing pistols. After the two suspects failed to gain access into the display case, they attempted to remove two shotguns from a wall mount in the store. The two suspects managed to pull on the shotguns with enough force to break the stocks off and remove the shotguns from the wall mount. The two suspects fled the store on foot, in possession of the stolen firearms, and out of sight of the store's cameras.

17. Officers with the Exmore Police Department responded to Rommel's Ace Home Center following notification from the alarm company that monitored the business. The officers found the business had in fact been broken into and the above-mentioned facts where uncovered during the investigation of the scene. The two suspects were inside Rommel's Ace Home Center for approximately 36 seconds before fleeing with the stolen firearms. The video footage quality inside the business was mediocre however, the suspects clothing could be seen. They were wearing gloves



and had hooded jackets on with the hoods pulled tight against their faces. Sex and race of the suspects could not be ascertained from the footage. Rommel's Ace Home Center possessed a valid Federal Firearms License (FFL), at the time of the burglary/theft, permitting them to engage in the business of dealing firearms.

18. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to search the business records maintained by Google.

19. In my training and experience, I know that when people act in concert with one another to commit a crime they frequently utilize cellular telephones to communicate with each other through voice calls, text messages, and emails. Use of cellular telephones allow them to plan, coordinate, execute, and flee the scene of crimes. Furthermore, I know people often take pictures utilizing their cellular telephones that may implicate them in a crime, i.e., possessing a firearm, posing with stolen items, or large amounts of cash. Finally, I know that cell phones are so common that virtually every adult person uses and owns a mobile device of some sort.[1]

20. Also, based on my training, experience, and knowledge, records retained by Google may show whether the suspects' mobile devices were in or around the Rommel's Ace Home Center in Exmore, Virginia at or during the time of the burglary/theft, the exact location and time being more particularly identified in Attachment A.

---

[1] In *Riley v. California* 134 S.Ct. 2773, 2484 (2014) the Supreme Court noted that "modern cell phones ... are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." *See also, Carpenter v. United States*, 138 S.Ct. 2206, 2211 (2018), noting that "[t]here are 396 million cell phone service accounts in the United States – for a nation of 326 million people."

## V. CONCLUSION

Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

_____
Anthony A. Ambrose
Special Agent, ATF

Seen and Reviewed:

_____
Sherrie S. Capotosto
Assistant United States Attorney

SWORN AND SUBSCRIBED TO BEFORE ME, this 4th day of ~~January~~ February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE
at Norfolk, Virginia

8